# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# PENSACOLA DIVISION

JASON WAYNE MCDIVITT,

    Plaintiff,

v.　　　　　　　　　　　　　　　　Case No. 3:20-cv-3773-MCR-MJF

ANDREW M. SAUL,

    Defendant.

                                      /

## **REPORT AND RECOMMENDATION**

Plaintiff initiated this action by filing a complaint, pursuant to 42 U.S.C. § 405(g), seeking judicial review of the Commissioner of Social Security's decision to deny Plaintiff's application for a Period of Disability and Disability Insurance Benefit. (Doc. 1). Pending before this court is the Defendant's Motion to Remand pursuant to sentence four of 42 U.S.C. § 405(g). (Doc. 19). Plaintiff has no objection to this motion. (Doc. 20). For the reason set forth below, the undersigned respectfully recommends that the case be reversed and remanded.[1]

Title 42 U.S.C. § 405(g) permits a district court to remand an application for benefits to the Commissioner by two methods, which are commonly referred to as

---

[1] This case has been referred to the undersigned pursuant to the authority of 28 U.S.C. § 636(b) and Local Rules 72.1(A), 72.2(D), and 72.3 of the Local Rules for the U.S. District Court of the Northern District of Florida, which relate to review of administrative determinations under the Social Security Act ("Act") and related statutes, 42 U.S.C. § 401 *et. seq*.

"sentence four" and "sentence six" remands. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1261 (11th Cir. 2007). Sentence four of section 405(g) states that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). In the instant case, the Commissioner states that remand is appropriate to enable an Administrative Law Judge to:

> 1) update the medical record; 2) fully evaluate the severity and limitations related to claimant's headaches; 3) fully evaluate the opinions from the medical sources in compliance with agency policy; 4) re-evaluate Plaintiff's maximum residual functional capacity (RFC) to include a narrative discussion of the limitations supported by the record, and, if necessary, to obtain medical expert evidence; 5) if necessary, to hold a supplemental hearing and obtain supplemental evidence from a vocational expert; and 6) before relying on the vocational expert evidence, identify and resolve any conflicts in compliance with agency policy and Social Security Rulings 83-14 and 00-4p.

(Doc. 19 at 4). Based upon the foregoing, the undersigned concludes that good cause has been shown for remand.

Accordingly, the undersigned respectfully **RECOMMENDS** that**:**

1. Defendant's Motion to Remand (Doc. 19) be **GRANTED** and the Commissioner's decision denying benefits be **REVERSED**.

2. This case be **REMANDED** to the Commissioner of Social Security pursuant to sentence four of 42 U.S.C. § 405(g).

3. Defendant be ordered to conduct proceedings in accordance with this report and recommendation.

4. The clerk be directed to enter final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

5. The clerk be directed to administratively close this file.

At Panama City, Florida, this <u>8th</u> day of February, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**