UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JASON WAYNE MCDIVITT,

    Plaintiff,

v.                                  Case No.  3:20-cv-3773-MCR/MJF

ANDREW M. SAUL,

    Defendant.
_____/

## REPORT AND RECOMMENDATION

Pending before this Court is the Plaintiff's "Consent Petition for Attorney Fees." (Doc. 24). In this petition, Plaintiff seeks an award of attorney fees of $7,062.04, expenses of $21.06 for postage, and recovery of the $400.00 filing fee. Plaintiff certified that Defendant has no objection to the payment of the fees. (*Id.* at 2). For the reasons set forth below, the undersigned respectfully recommends that this unopposed motion be granted.[1]

### I. BACKGROUND

On February 28, 2020, Plaintiff filed a complaint seeking judicial review of the final decision of the Commissioner of Social Security denying his claim for

---

[1] This case has been referred to the undersigned pursuant to the authority of 28 U.S.C. § 636(b) and Local Rules 72.1(A), 72.2(D) and 72.3 of the Local Rules for the U.S. District Court of the Northern District of Florida, which relate to review of administrative determinations under the Social Security Act ("Act") and related statutes, 42 U.S.C. § 401 *et. seq.*

Social Security benefits. (Doc. 1). Upon Defendant's uncontested motion, the undersigned recommended that this case be reversed and remanded to the Commissioner for further proceedings. (Docs. 19, 20, 21). United States District Judge M. Casey Rodgers accepted the undersigned's report and recommendation, and this case was remanded to the Commissioner for further proceedings. (Doc. 22). Plaintiff states that he was the prevailing party in this litigation and petitions the court for an award of attorney fees of $7,062.00 to be paid to his attorneys pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) ("EAJA"). (Doc. 24).

## II. Discussion

### A. Eligibility for Award of Fees

The EAJA, 28 U.S.C. § 2412, allows for the award of attorney fees and certain costs against the government, provided: 1) the party seeking such fees is the "prevailing party" in a civil action brought by or against the United States, and that party's net worth is less than two million dollars; 2) an application for such fees, including an itemized justification for the amount requested, is timely filed within thirty days of the final judgment in the action; 3) the position of the government was not substantially justified; and 4) no special circumstances make an award unjust. The absence of any one of the above factors precludes an award of fees. 28 U.S.C. § 2412(d)(l)(A), (B).

In this case, there is no disagreement as to Plaintiff's net worth or his status as a "prevailing party." A plaintiff who obtained a remand reversing the Commissioner's decision under sentence four of 42 U.S.C. § 405(g)—as Plaintiff did (*see* Docs. 22 & 23 (Judgment, entered March 15, 2021))—is considered the prevailing party and as such is entitled to attorney fees and expenses under the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 302-03 (1993).

The parties also do not contest the timeliness of the instant motion for EAJA fees.[1] Additionally, the parties do not dispute—and the undersigned finds—that the Commissioner's position was not substantially justified (*see* Doc. 22). Finally, the undersigned concludes that no special circumstances make an award unjust,

---

[1] As the Commissioner has sixty days within which to file an appeal of the district court's decision, a judgment typically becomes final after sixty days—or, in this case, on May 14, 2021—and a prevailing plaintiff then has another thirty days within which to file an application for fees. *See* Fed. R. App. P. 4(a)(1)(B) (notice of appeal may be filed within sixty days after entry of the judgment when the United States is a party in the case); *see also Shalala v. Schaefer*, 509 U.S. at 297-98 (discussing timeliness of EAJA application); *Myers v. Sullivan*, 916 F.2d 659, 667-72 (11th Cir. 1990) (same); *Baez v. Comm'r of Soc. Sec.*, 760 F. App'x 851, 854-55 (11th Cir. Jan. 22, 2019) (same). Plaintiff filed the motion on April 23, 2021, and the Commissioner has no objection to the payment of the fees. *Myers v. Sullivan*, 916 F.2d 659, 669 (11th Cir. 1990) ("[T]he thirty-day period does not define the interval in which an application for fees *must* be filed; a claimant is permitted to file a petition for the fees before a final judgment (as that term is used in the EAJA) has been entered.").

especially considering that the Commissioner does not object to the payment of the requested EAJA fees in this case. Accordingly, an award of fees is appropriate.

**B.**     **Amount of Fees**

With regard to the question of the reasonableness of the fee sought, 28 U.S.C. § 2412(d)(2)(A) states:

> The amount of fees awarded under this subsection shall be based upon prevailing market rates for the kind and quality of the services furnished, except that . . . (ii) attorney fees shall not be awarded in excess of $125.00 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

Here, Plaintiff's attorney seeks an award based on an hourly rate of $205.25, $207.28, and $208.92 for work performed in 2019, 2020, and 2021 respectively. (Doc. 24 at 2). The undersigned has reviewed Plaintiff's attorney's time record, the consent motion and agreement to $7,062.14 as attorney fees, and the record as the whole. The undersigned concludes that the rate requested is reasonable based upon changes in the Consumer Price Index (CPI). *See Pons v. Berryhill*, 5:17-cv-187-EMT (N.D. Fla. Feb. 7, 2019) (finding that an attorney's hourly rate of $202.89, for work performed on a Social Security case in 2018, was reasonable); *see, e.g.*, *Bianco v. Comm'r of Soc. Sec.*, No. 3:19-CV-733-J-PDB, 2020 WL 7695609, at *3 (M.D. Fla. Dec. 28, 2020) (finding that an attorney's hourly rate of $205.63 was reasonable for work performed in a social security case in 2019).

The undersigned also concludes that the number of hours expended by Petitioner on Plaintiff's behalf (*i.e.*, 34 hours) is reasonable. These hours represent the time Petitioner prepared the complaint, reviewed the 1951-page administrative record, negotiated with opposing counsel about consenting to remand the case, drafted a thirty-seven-page memorandum in support of the complaint, and drafted the EAJA motion. (Doc. 24 at 4-5).

In this district, the typical work time for an attorney seeking review of the commissioner's decision denying benefits is between 20 and 30 hours. Some cases, however, exceed this range. *Fisher v. Berryhill*, No. 1:14-cv-196-WS/GRJ, 2017 WL 1078446, at *2 (N.D. Fla. Feb. 21, 2017) (noting that 38.3 hours was not excessive); *Jackson v. Astrue*, No. 3:09-cv-218-MCR/MD, 2010 WL 2330269, at *2 (N.D. Fla. May 11, 2010), *report and recommendation adopted*, 2010 WL 2330246 (N.D. Fla. Jun 10, 2010) (noting that most lawyers can handle "straightforward social security appeals" in twenty-five to thirty hours); *accord Perkins v. Astrue*, No. 1:09-CV-60 WLS, 2011 WL 7794078, at *2 (M.D. Ga. Oct. 11, 2011) (noting that the typical attorney work time expended in EAJA cases range between twenty and forty hours); *Marshall v. Astrue*, No. 7:09-cv-33(HL), 2011 WL 2604768, at 2 (M.D. Ga. May 10, 2011) ("The typical attorney work time expanded in an EAJA case ranges between twenty (20) and forty (40) hours."); *Patterson v. Apfel*, 99 F. Supp. 2d. 1212, 1214 n.2 (C.D. Cal. 2000) (survey of social security disability cases

suggests an average range of twenty to forty hours); *cf. Lavoie v. Colvin*, No. 14-1352-JWL, 2016 WL 4181323, at *3 (D. Kan. Aug. 8, 2016) (noting that the typical Social Security appeal requires between thirty and forty hours); *Hardy v. Callahan*, No. 96-cv-257, 1997 WL 470355, at *9 (E.D. Tex. 1997) ("The typical EAJA application in social security cases claims between thirty and forty hours."). Based upon the motion and a review of the record, the undersigned concludes that the requested fee is reasonable. Plaintiff also seeks to recover $21.06 for postage and $400.00 for the filing fee, which are recoverable under the EAJA. *East v. Barnhart*, 377 F. Supp. 2d 1170, 1177 (M.D. Ala. 2005).

C.      **The Award is Payable to Plaintiff**

An award of "fees and other expenses" to a "prevailing party" under § 2412(d) is payable to the litigant, not to the litigant's attorney. *Astrue v. Ratliff*, 560 U.S. 586, 593 (2010); *see also Reeves v. Astrue*, 526 F.3d 732 (11th Cir. 2008) (same). Because the EAJA award is "payable to the prevailing litigant," the government could offset a claimant's qualifying debt (to the United States) against that award. *Ratliff*, 560 U.S. at 596. The award in this case, therefore, is properly payable to Plaintiff, as the "prevailing litigant," assuming an award remains after any qualifying debts have been satisfied.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the Petition for Attorney Fees under the Equal Access to Justice Act (Doc. 24) be **GRANTED** as follows:

1. Plaintiff shall recover costs in the amount of $421.06, and attorney fees of $7,062.04 for time expended by his counsel in representing him before the United States District Court for the Northern District of Florida. The fee award is subject to an offset to satisfy any qualifying debt that Plaintiff owes to the United States.

2. If Plaintiff receives all or any portion of the EAJA fee award, Defendant shall mail it to Plaintiff in care of his attorney, Sarah H. Bohr, 2337 Seminole Road, Atlantic Beach, Florida, 32233.

**SO ORDERED** this 26th day of April, 2021.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the Report and Recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**