UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

JASON WAYNE MCDIVITT,

    Plaintiff,

v.                                            Case No.  3:20-cv-3773-MCR-MJF

KILOLO KIJAKAZI,

    Defendant.
_____/

**REPORT AND RECOMMENDATION**

Plaintiff's counsel ("Petitioner") filed an unopposed "Amended Motion for Attorney Fees Under 42 U.S.C. § 406(b)." Doc. 32 at 4 (certifying that the Commissioner does not object to the fees sought).

### I. BACKGROUND

On July 4, 2017, Plaintiff Jason Wayne McDivitt protectively filed for disability insurance benefits. Doc. 1 ¶ 5. His application was denied initially and upon reconsideration. On September 25, 2019, the Administrative Law Judge ("ALJ") issued a decision denying Plaintiff's application for benefits. *Id.* ¶ 6. Plaintiff's request for review of the ALJ's decision was denied by the Commissioner's Appeals Council. *Id.*

Plaintiff retained Petitioner to appeal the denial of his claim for disability insurance benefits. Doc. 30-1 at 2. Plaintiff signed a fee agreement with Petitioner

Page 1 of 7

in which he agreed to payment of attorney's fees equaling 25% of any accumulated past due benefits paid to him and his beneficiaries. On February 28, 2020, Petitioner filed a civil action on Plaintiff's behalf seeking judicial review of Defendant's decision denying Plaintiff's claim for disability insurance benefits. Doc. 1.

On December 7, 2020, Petitioner filed a 49-page memorandum in support of Plaintiff's complaint. Doc. 16. On February 4, 2021, Defendant filed a motion to remand for additional administrative proceedings, pursuant to sentence four of 42 U.S.C. § 405(g). Doc. 19. On March 15, 2021, the District Court granted the motion and remanded this action for additional administrative proceedings. Doc. 22.

Petitioner was subsequently awarded fees in the amount of $7,062.04 and costs in the amount of $421.06, for representing Plaintiff before the United States District Court for the Northern District of Florida, pursuant to 28 U.S.C. § 2412 (the Equal Access to Justice Act ("EAJA")). Doc. 26.

Following the District Court's remand of Plaintiff's case, an ALJ issued a decision favorable to Plaintiff. Doc. 32 at 3. This resulted in a sizable award of past due benefits to Plaintiff and Plaintiff's three children. *Id.* at 3; Doc. 27-2 at 2.[1] Specifically, Plaintiff's three children received retroactive benefits of $64,750.00.

---

[1] On January 7, 2023, Petitioner filed a consent motion for attorney fees in the amount of $23,408.46, which was 25% of the past due benefits for Plaintiff minus the EAJA fee award. Doc. 27. As of the date of that motion, Defendant had not yet issued an Award Certificate to Plaintiff's three children. Thus, Petitioner indicated that a supplemental petition for fees would be forthcoming. *Id.* at 3 & n.4.

Doc. 30-2. In the instant motion, Petitioner seeks payment of $16,187.50, which is 25% of the award of benefits for the children. Doc. 32 at 1, 3.

## II. DISCUSSION

Attorneys handling Social Security proceedings may seek fees for their work under two different statutory provisions: the EAJA and 42 U.S.C. § 406. The EAJA allows for an award of attorney's fees when the party seeking fees is the prevailing party in a civil action brought against the United States. 28 U.S.C. § 2412. Fees under the EAJA are meant to penalize the Commissioner for assuming an ostensibly unjustified legal position, and they are paid with Social Security Administration ("SSA") funds. *McGraw v. Barnhart*, 450 F.3d 493, 497 (10th Cir. 2006).

Section 406 allows for recovery of attorney's fees for representation of individuals claiming Social Security benefits both at the administrative level and in federal court. "The statute deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). For proceedings in court, when a judgment favorable to the claimant is rendered, the district court "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of past due benefits to which the claimant is entitled by reason of such

judgment." 42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past due benefits." *Id.*

Finally, although fees can be awarded under both the EAJA and section 406(b), Congress has precluded receipt of attorney's fees for the same services provided under the EAJA and the Social Security Act. *See id.* That is, when fee awards have been awarded "under both prescriptions, the claimant's attorney must 'refun[d] to the claimant the amount of the smaller fee.'" *Gisbrecht*, 535 U.S. at 796.

The instant request by Petitioner is made pursuant to 42 U.S.C. § 406(b) and does not exceed the maximum recovery permitted under the terms of that statute. In support of her motion, Petitioner states that the fee is reasonable because: (1) Petitioner and Plaintiff entered a written agreement that provides that Petitioner is entitled to a contingent fee of no more than 25% of past due benefits to Plaintiff and his beneficiaries; (2) Petitioner was able to obtain a voluntary remand on Plaintiff's behalf; (3) Petitioner took a substantial risk of loss in agreeing to represent Plaintiff on a contingency basis; (4) Plaintiff's claim was complex; (5) Petitioner spent 34 hours litigating Plaintiff's case in court; (6) Plaintiff received an excellent result insofar Plaintiff and his children received a substantial amount of past due benefits; and (7) Defendant does not oppose the motion. Doc. 32 at 3–4; *see* Doc. 30-3 at 8–16.

In *Gisbrecht*, the Supreme Court held that the provision of section 406(b) that limits attorney's fees to 25% of past due benefits was designed to control, and not to displace, contingency fee agreements that are within the statutory ceiling. *Gisbrecht*, 535 U.S. at 808–09. The Court concluded that section 406(b) "calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases." *Id.* at 807. Thus, the district court should first look to the contingent fee agreement and then test the fee sought for reasonableness. *Id.* at 808. Accordingly, within the "25 percent boundary" permitted by section 406(b), the "attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. Although the Court did not specify the factors that courts should consider when determining the reasonableness of a second 406(b) fee, the Court suggested that the fee should be reduced if the representation was substandard, if the attorney was responsible for delay, or if the fee is a windfall (that is, "large in comparison to the amount of time counsel spent on the case" when compared to the "lawyer's normal hourly billing charge for noncontingent-fee cases"). *Id.* at 808.

Here, the fee sought for attorney time is reasonable in light of the work performed and the result achieved. The undersigned notes that there is no dispute as to whether the amount requested is within the statutory and contract-based maximum of 25% of past due benefits. There is also no allegation of undue delay by Petitioner.

Additionally, it is worth noting that Plaintiff's case had been denied multiple times by the SSA. Petitioner was effective in achieving a remand, which occurred only after Petitioner filed a memorandum in support of Plaintiff's complaint and which necessitated the review of an exceptionally-lengthy transcript (nearly 2,000 pages) of the administrative proceedings below. The remand ultimately led to a favorable disability determination by Defendant. Thus, as a result of Petitioner's efforts, Plaintiff and his children will receive back benefits. Plaintiff and two of Plaintiff's children will receive ongoing benefits. Doc. 30-3 at 2 (noting that one of Plaintiff's children will not receive ongoing benefits due to his age). Plaintiff also will receive medical coverage. *Id.* at 9.

Finally, the fee is reasonable in light of other fee awards in Social Security cases. *See Gain v. Comm'r of Soc. Sec.*, No. 8:20-cv-680-KKM-JSS, 2022 WL 3924154, at *3 (M.D. Fla. Aug. 31, 2022) (concluding attorney's fees of $33,273.03 for 31.5 hour was reasonable); *Krause v. Saul*, No. 8:19-CV-1092-CPT, 2021 WL 1561482, at *2 (M.D. Fla. Apr. 21, 2021) (awarding fees of $37,745.12 for 34.3 hours); *Rollins v. Saul*, No. 1:17-cv-120-MW/CAS, 2020 WL 2025638, at *1 (N.D. Fla. Mar. 26, 2020), *report and recommendation adopted*, No. 1:17-cv-120-MW/MAF, 2020 WL 1991473 (N.D. Fla. Apr. 27, 2020); *Vilkas v. Comm'r of Soc. Sec.*, No. 2:03-cv-687-FTM-29DNF, 2007 WL 1498115, at *2 (M.D. Fla. May 14, 2007) (approving of a contingency fee of $1,121.86 per hour).

Petitioner, therefore, has demonstrated that the fee request is reasonable.

### III. Conclusion

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **GRANT** Petitioner's unopposed "Amended Motion for Attorney Fees Under 42 U.S.C. § 406(b)," Doc. 32;

2. **DENY** Petitioner's "Motion for Attorney Fees," Doc. 30, because it is now moot; and

2. **ORDER** Defendant to promptly disburse to Petitioner $16,187.50.

At Pensacola, Florida, this 20th day of April, 2023.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this matter to the undersigned. Doc. 28;** *see* **N.D. Fla. Loc. R. 72.3; 28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control. An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**